UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 04-CR-80879

BOB BEST,

    Defendant.
                                               /

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION FOR MODIFICATION OF RESTITUTION ORDER PURSUANT TO TITLE 18 USC SECTION 3664(k)"**

Pending before the court is Defendant Bob Best's April 5, 2006 "Motion for Modification of Restitution Order Pursuant to Title 18 U.S.C. Section 3664(k)." The government filed its response on May 23, 2006. For the reasons set forth below, the court denies Defendant's motion.

On February 11, 2005, Defendant pled guilty to four counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and on May 26, 2005, Defendant was sentenced concurrently to 170 months imprisonment on each count, ordered to pay a special assessment of $400.00 and "lump sum" restitution in the amount of $5,912, due "immediately." The court recognized Defendant's financial circumstances in the judgment when it waived interest on any outstanding restitution, and required Defendant to participate in the Inmate Financial Responsibility Program. In a boilerplate, fill-in-the-blanks motion, Defendant asks the court to modify his restitution order due to "his minimal financial resources." (*Id.* at 2).

The Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. §§ 3663A-3664, provides that "restitution is mandatory - regardless of a defendant's financial situation - when a defendant is convicted of a crime of violence, an offense against property, or an offense relating to tampering with consumer products." *United States of America v. Davis*, 306 F.3d 398, 424-25 (6th Cir. 2002) (quoting *United States v. Vandeberg*, 201 F.3d 805, 812 (6th Cir. 2000)).  With regard to the schedule of restitution payments, the Sixth Circuit has held that:

> Upon determination of the amount of restitution owed to each victim, *the court shall*, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents. 18 U.S.C. § 3664(f)(1)(B)(2)(A)-(C) (emphasis added).
>
> A restitution order may provide that the defendant pay the amount owed in one lump sum, in period payments or, if economic circumstances dictate, in nominal periodic payments until the restitution amount is paid in full. § 3664(f)(3)(A) and (B).

*Id*. at 425.  Under 18 U.S.C. § 3664(k), however, the defendant may notify the court of a change in his economic circumstances, and on that basis request that the court modify its restitution order, and the court may modify its restitution order "as the interests of justice require."  18 U.S.C. § 3664(k); *see also United States v. McGlothlin*, 249 F.3d 783, 784 (8th Cir. 2001) (citation omitted) ("The district court has substantial discretion in determining how restitution is to be paid.").

In the present case, the court is not satisfied that the interests of justice would be furthered by a modification of the court's original restitution order in this matter.  The restitution is due, and it should be paid, but even while remaining unpaid, no interest

2

accrues, i.e., the amount owed does not increase. The Inmate Financial Responsibility Program is fully capable of managing the schedule of payments Defendant can make while he is employed within the prison system. Upon his release from imprisonment, Defendant's restitution payment schedule will be directed by the court upon recommendation of the Probation Department. The court determines that no amendment of these circumstances is due. Accordingly,

IT IS ORDERED that Defendant's "Motion for Modification of Restitution Order Pursuant to Title 18 U.S.C. Section 3664(k)" [Dkt. # 34] is DENIED.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: December 20, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 20, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\04-80979.BEST.RestitutionModification DENIED.wpd