**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               Case No. 04-CR-80879

BOB BEST,

    Defendant.
                                                             /

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO AMEND SENTENCING JUDGEMENTS [SIC] RESTITUTION ORDER" AND TERMINATING AS MOOT DEFENDANT'S "MOTION FOR PROMPT DISPOSITION"**

Pending before the court is Defendant Bob Best's "Motion to Amend Sentencing Judgements [sic] Restitution Order," filed on February 4, 2008. For the reasons set forth below, the court will deny Defendant's motion.

On February 11, 2005, Defendant pleaded guilty to four counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and on May 26, 2005, Defendant was sentenced concurrently to 170 months imprisonment on each count, ordered to pay a special assessment of $400.00 and "lump sum" restitution in the amount of $5,912, due "immediately." (*See* 5/26/05 Judgment.) The court recognized Defendant's financial circumstances in the judgment when it waived interest on any outstanding restitution and required Defendant to participate in the Inmate Financial Responsibility Program. Defendant now asks the court to amend the restitution order pursuant to U.S.S.G. § 5E1.1 and 18 U.S.C. § 3664(k). The court has previously denied a similar request to modify Defendant's restitution payments. (*See* 12/20/06 Order.)

As the court previously stated in its December 20, 2006 order, the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. §§ 3663A-3664, provides that "restitution is mandatory - regardless of a defendant's financial situation - when a defendant is convicted of a crime of violence, an offense against property, or an offense relating to tampering with consumer products." *United States v. Davis*, 306 F.3d 398, 424-25 (6th Cir. 2002) (quoting *United States v. Vandeberg*, 201 F.3d 805, 812 (6th Cir. 2000)). With regard to the schedule of restitution payments, the Sixth Circuit has held that:

> Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents. 18 U.S.C. § 3664(f)(1)(B)(2)(A)-(C) (emphasis added).
>
> A restitution order may provide that the defendant pay the amount owed in one lump sum, in period payments or, if economic circumstances dictate, in nominal periodic payments until the restitution amount is paid in full. § 3664(f)(3)(A) and (B).

*Id.* at 425. Under 18 U.S.C. § 3664(k), however, the defendant may notify the court of a change in his economic circumstances, and on that basis request that the court modify its restitution order, and the court may modify its restitution order "as the interests of justice require." 18 U.S.C. § 3664(k); *see also United States v. McGlothlin*, 249 F.3d 783, 784 (8th Cir. 2001) (citation omitted) ("The district court has substantial discretion in determining how restitution is to be paid.").

The court already held in its December 20, 2006 order that the interests of justice would not be furthered by a modification of the court's original restitution order in this matter. (*See* 12/26/06 Order at 2-3.) Defendant fails to cite any change in his circumstances since either the issuance of the December 2006 order or the imposition of the May 2005 restitution order. Defendant's motion will thus be denied.

Although Defendant's motion is facially brought under 18 U.S.C. § 3664(k), in substance he is challenging the legality of the court's initial restitution order and 18 U.S.C. § 3664(k) is the improper vehicle by which to do so. Under 18 U.S.C. § 3664(k), the court has discretion to modify the restitution order only upon a change in economic circumstances. Had Defendant wanted to attack the validity of the restitution order, he could have done so during his appeal. The court will not allow Defendant to resurrect an expired appellate argument through an inapplicable statute. Accordingly,

IT IS ORDERED that Defendant's "Motion to Amend Sentencing Judgements [sic] Restitution Order" [Dkt. # 46] is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion for Prompt Disposition" [Dkt. # 45] is TERMINATED AS MOOT.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 28, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522