# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Criminal Case No. 04-80879
                                                    Civil Case No.     16-14094

BOB BEST,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Defendant Bob Best pleaded guilty to four counts of bank robbery under 18 U.S.C. § 2113(a) and was sentenced to a term of imprisonment of 170 months. He was released from federal custody on April 28, 2017, and is currently serving a three-year term of supervised release. Defendant was sentenced as a Career Offender under U.S.S.G. § 4B1.1 based on his two prior convictions for Michigan Armed Robbery and Assault of a Prison Employee and Escape from Jail. This matter comes before the court for consideration of Defendant's second Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 61.)

The court denied as untimely Defendant's original Motion to Vacate. (ECF Nos. 52, 58.) Six years later, Defendant applied for and was granted an application to file a second or successive habeas petition by the Sixth Circuit. Defendant's second Motion to Vacate is now before this court. In this motion, Defendant argues that he no longer qualifies as a Career Offender in light of *Johnson v. United States*, 136 S. Ct. 1257 (2016), which held that the residual clause of the Armed Career Criminal Act was

unconstitutionally vague. Defendant argues that *Johnson's* holding extends to the residual clause of the Career Offender Sentencing Guidelines, under which Defendant was sentenced, and that his two predicate offenses no longer satisfy the definition for crimes of violence. The Government, in response, argues that his motion is untimely. Defendant did not file a reply. For the reasons explained below, the court will deny Defendant's motion and will decline to issue a certificate of appealability.

## I. STANDARD

Under § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). As "[§] 2255 is not a substitute for a direct appeal," *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit collateral relief. *Frady*, 456 U.S. at 166. Consequently, "[t]o prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

Though non-constitutional errors are generally outside the scope of § 2255 relief, *see United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000), a petitioner can prevail

on a § 2255 motion alleging non-constitutional error "establish[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson*, 165 F.3d at 488 (internal quotation marks omitted) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

## II. DISCUSSION

The court cuts to the merits of Defendant's claims. *See Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006). Defendant bases his *Johnson* argument on *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), which extended the holding in *Johnson* to the residual clause of U.S.S.G. § 4B1.2(a). He argues that in light of *Pawlak*, he no longer has the predicate offenses for a Career Offender enhancement because his crimes qualify as crimes of violence under the residual clause alone. For a time, Defendant's argument may be correct. However, the Supreme Court later overruled *Pawlak* in *Beckles v. United States*, 137 S. Ct. 886 (2017) ("[T]he Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness."). Accordingly, Defendant cannot attack his career offender status based on *Johnson* because *Johnson* did not invalidate the residual clause of the Sentencing Guidelines. Thus, even if his predicate offenses only qualify as crimes of violence under the residual clause of the Sentencing Guidelines, his enhancement would stand. The court will deny his motion on this basis.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA

may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, the court concludes that reasonable jurists would not debate the court's ruling regarding Defendant's habeas claims. Therefore, the court will deny a certificate of appealability.

### III. CONCLUSION

IT IS ORDERED that Defendant's Motion to Vacate (ECF No. 61) is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: August 20, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 20, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\HEK\Habeas\04-80879.BEST.second.2255.HEK.docx